United States District Court
Southern District of Texas
**ENTERED**
August 28, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LANDCOAST INSULATION, INC., | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-00810 |
| | § | |
| MATRIX SERVICE, INC., | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Matrix Service, Inc.'s Motion for Summary Judgment (Dkt. 49). After careful consideration of the motion, the record, and the applicable law, the Court **GRANTS** the motion (Dkt. 49).

## I.     BACKGROUND

### A.     FACTUAL BACKGROUND

Defendant Matrix Service, Inc. ("Matrix") contracted to construct a liquified natural gas peakshaving facility (the "Project") for PNG. (Dkt. 49 at p. 6). To that end, Matrix entered into two separate subcontracts (the "Subcontracts") with Plaintiff Landcoast Insulation, Inc. ("Landcoast"). *Id*. Landcoast agreed to provide tank coating services and insulation work to Matrix. *Id*.

The Subcontracts include, among other requirements, an obligation to "make timely payments to [Landcoast's] vendors and keep the property and premises upon which the Project was being performed free and clear of all liens." (*Id*. at p. 6). Additionally, under the Subcontracts, Landcoast agreed to "defend and indemnify Matrix against any costs,

expenses, or liabilities associated with any claim asserted by a second-tier subcontractor or materialman." (*Id*. at pp. 10 – 11). Finally, the Subcontracts require that, if Landcoast commits an act of default and the total costs of the completion of the work exceeds the unpaid balance under the Subcontracts, then Landcoast is liable for "the amount by which the total of such costs, expenses and damages exceed such unpaid balance." (*Id*. at p. 13).

Landcoast contracted with suppliers for materials it needed to perform under the Subcontracts. (*Id*. at p. 8). However, Landcoast eventually failed to pay all five of the suppliers under their individual contracts, and the suppliers filed liens on the Project. (*Id*. at p. 10). Two of the suppliers then filed lawsuits to enforce their lien rights on the Project, and the courts in those matters found that the suppliers have "enforceable subrogation lien claims (with interest accruing on the lien amounts) on the Project property that can be enforced through the lien discharge bond posted by Matrix." (*Id*. at p. 12). Matrix is currently responsible for these subrogation lien claims. *Id*.

Despite its failures, Landcoast executed and submitted applications and certifications for payment under the Subcontracts. (*Id*. at pp. 8 – 9). As part of these applications, Landcoast represented:

> "In order to induce payment to be made to the undersigned, the undersigned certifies and warrants that (a) it has paid all of its subcontractors, suppliers and employees, at all tiers, for all services and labor and/or materials and equipment connected in any manner with the Project…"

(*Id*. at p. 9). Matrix timely made the payments of each application to Landcoast under the Subcontracts. (*Id*. at p. 10).

Matrix eventually learned that Landcoast had abandoned the site, failed to make timely payments to its vendors, and allowed liens to be placed on the Project. (*Id*. at p. 11). Accordingly, Matrix sent notices of default to Landcoast under the Subcontracts. *Id*. Landcoast failed to cure the default within three days, and Matrix thereafter terminated the Subcontracts for cause. (*Id*. at p. 12). Still, Matrix had to complete Landcoast's work under the Subcontracts—the costs and expenses of which exceeded the unpaid balance remaining under both Subcontracts. (*Id*. at p. 13).

## B.    PROCEDURAL BACKGROUND

Landcoast originally sued Matrix in state court, bringing a breach of contract claim, prompt payment claim, unfair and deceptive practices claim, and quantum meruit claim. (Dkt. 1-2). Matrix removed the case to this Court and brought counterclaims against Landcoast, alleging claims for breach of contract and fraud. (Dkt. 39 at pp. 5 – 16). Two years into the litigation, Landcoast's attorney withdrew. (Dkt. 43). The Court ordered Landcoast to retain counsel within thirty days, and Landcoast failed to do so. (Dkt. 46); (Dkt. 49 at p. 15).

Matrix thereafter filed the pending motion. (Dkt. 49). Matrix argues that "Landcoast materially breached its obligations under both Subcontracts by … failing to make timely payments to its vendors…, falsely certifying to Matrix that it had paid all its vendors in subsequent payment applications, allowing second-tier subcontractors or materialmen liens to be filed against the Project property, and failing to defend and indemnify Matrix with respect to the liens." (*Id*. at p. 11). Further, Matrix argues Landcoast defrauded Matrix by

making "false representations of material facts when it represented to Matrix that it had fully paid its subcontractors and suppliers." (*Id*. at p. 22). No response was filed.

## II.    LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is "genuine" if the evidence, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Summary judgment reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986).

Summary judgment may not be awarded by default simply because there is no opposition. *Hibernia Nat'l Bank v. Administration Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). Nevertheless, "a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (citation omitted).

## III.    ANALYSIS

The Court finds that no genuine issue exists as to Matrix's breach of contract claim, nor does such exist as to Matrix's fraud claim. Accordingly, the Court must grant Matrix's motion as to each of these claims.

### A.    Breach of Contract

The Court finds that no genuine issue exists as to whether Landcoast breached the Subcontracts. Under North Carolina law,[1] "the elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." *Becker v. Graber Builders, Inc.*, 149 N.C. App. 787, 792 (2002). "Under longstanding North Carolina law, a valid contract requires (1) assent; (2) mutuality of obligation; and (3) definite terms." *Charlotte Motor Speedway, LLC v. Cty. of Cabarrus*, 230 N.C. App. 1, 7 (2013).

"It is well established that '[i]n order for a breach of contract to be actionable it must be a material breach, one that substantially defeats the purpose of the agreement or goes to the very heart of the agreement, or can be characterized as a substantial failure to perform.'" *Supplee v. Miller-Motte Bus. Coll., Inc.*, 239 N.C. App. 208, 220 (2015) (citing *Long v. Long*, 160 N.C. App. 664, 668 (2003) (citation omitted)).

"Under North Carolina law, proof of damages is not an element of a claim for breach of contract." *Crescent Univ. City Venture, LLC v. AP Atl., Inc.*, 2019 NCBC LEXIS 46, at *127 (N.C. Super. Ct. Aug. 8, 2019) (citation omitted). Rather, "in a suit for damages for breach of contract, proof of the breach would entitle the plaintiff to nominal damages at least." *Delta Envtl. Consultants, Inc. v. Wysong & Miles Co.*, 132 N.C. App. 160, 172 (1999) (citation and quotation marks omitted). "A party to a contract who is injured by another's breach of the contract is entitled to recover from the latter damages for all injuries

---

[1] "The Subcontracts provide they are to be governed by North Carolina law." (Dkt. 49 at p. 16).

and only such injuries as are the direct, natural, and proximate result of the breach or which, in the ordinary course of events, would likely result from a breach and can reasonably be said to have been foreseen, contemplated, or expected by the parties at the time when they made the contract as a probable or natural result of the breach." *Lamm v. Shingleton*, 231 N.C. 10, 14 (1949). Importantly, "[i]n a suit for damages arising out of a breach of contract[,] the party injured by the breach is entitled to 'full compensation for the loss and to be placed as near as may be in the position which he would have occupied had the contract not been breached.'" *Harris & Harris Constr. Co. v. Crain & Denbo, Inc.*, 256 N.C. 110, 123 (1962) (citing *Troitino v. Goodman*, 225 N.C. 406, 412 (1945)).

The Court finds that no genuine issue exists as to whether the Subcontracts between Landcoast and Matrix are valid contracts. Further, the Court finds that no genuine issue exists as to whether Landcoast materially breached the Subcontracts by "abandoning the site, failing to pay its subcontractors and suppliers on the Project, failing to keep the Project free and clear of liens, and for failing to defend and indemnify Matrix against the lien claims asserted against the Project by Landcoasts's subcontractors and suppliers." (Dkt. 49 at pp. 17 – 18). Accordingly, the Court finds that the pending motion must be granted— and Matrix is entitled to the damages sought in its motion.

Further, under North Carolina law, "[t]he general rule governing bilateral contracts requires that if either party to the contract commits a material breach of the contract, the other party should be excused from the obligation to perform further." *Coleman v. Shirlen*, 53 N.C. App. 573, 577-78 (1981) (citation omitted). Landcoast first breached the

Subcontracts when it failed to pay its suppliers and keep the Project free and clear of liens, and the Court finds that such breach excused Matrix from any obligation to further perform under the Subcontracts—including paying Landcoast for any disputed amounts. The Court must dismiss Landcoast's claims against Matrix.

## B.    Fraud

The Court finds that no genuine issue exists as to whether Landcoast defrauded Matrix. "The elements of fraud are: (1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *S.N.R. Mgmt. Corp. v. Danube Partners 141, LLC*, 189 N.C. App. 601, 609 (2008) (citing *McGahren v. Saenger*, 118 N.C. App. 649, 654 (1995)). "Additionally, reliance on alleged false representations must be reasonable." *Sullivan v. Mebane Packaging Grp., Inc.*, 158 N.C. App. 19, 26 (2003) (citing *State Props., L.L.C. v. Ray*, 155 N.C. App. 65, 72 (2002)). A plaintiff in a fraud lawsuit has a right to recover an amount in damages "which will put him in the same position as if the fraud had not been practiced on him." *Sykes v. Insurance Co.*, 148 N.C. 13, 19 (1908) (citing *Hedden v. Griffin*, 136 Mass. 229, 232 (1884)).

Here, Landcoast made false representations to Matrix that it had fully paid its subcontractors and suppliers. (Dkt. 49 at p. 22). The record demonstrates that Landcoast "made these statements with the intent to deceive Matrix as they knew these statements were false and that Matrix would rely on them." (*Id.* at p. 23). Nothing in the summary judgment record creates a fact issue on this point. Further, no genuine issue exists as to

whether Matrix actually, reasonably relied upon these representations and suffered damages as a result of such. (*Id*. at p. 24). The Court finds that it must grant summary judgment as to Matrix's fraud claim and award the sought-after damages.

## IV.    CONCLUSION

The Court finds that no genuine issue exists as to Matrix's claims for breach of contract and fraud. Accordingly, the Court **GRANTS** Matrix's Motion for Summary Judgment (Dkt. 49) and **DISMISSES** Landcoast's claims against Matrix.

The Court **ORDERS** Landcoast to file a proposed final judgment in this matter, including the applicable interest to be added to the awarded damages, **by Thursday, September 4, 2025**.

SIGNED at Houston, Texas on August 28, 2025.

George C. Hanks Jr

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE